UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PATRICK JANSEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 1:20-cv-01542-SEB-MPB |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER DIRECTING PETITIONER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE**

In May 2009, Patrick Jansen pled guilty in this Court to two counts each of distributing and advertising child pornography and one count each of conspiring to distribute and advertise child pornography. *United States v. Jansen,* 1:08-cr-132-SEB-TAB-12.[1] For each count, Judge Lawrence imposed concurrent sentences of 180 months in prison, followed by a lifetime of supervised release. Mr. Jansen now asks the Court to vacate his convictions and sentences under 28 U.S.C. § 2255.

Since Mr. Jansen filed his § 2255 motion, the Court granted his separate motion for compassionate release pursuant to 18 U.S.C. § 3582(c), reducing his prison sentence to time served. He remains subject to supervised release. Crim. dkts. 1336-1338.

Given this development and the parties' briefing, the Court has concerns about adjudicating the merits of Mr. Jansen's § 2255 motion. One is practical and concerns the potential consequences of granting Mr. Jansen's motion. The other is legal and concerns the timeliness of Mr. Jansen's

---

[1] In this order, citations to "crim. dkt. *x*" refer to documents filed in Mr. Jansen's criminal case, No. 1:08-cr-00132-SEB-TAB-12. Citations to " dkt. *y*" refer to documents filed in this action, No. 1:20-cv-01542-SEB-MPB.

motion. The Court therefore orders him to show cause why this action should not be dismissed without prejudice.

## I. Background

When Mr. Jansen pled guilty, he stipulated to a statement of facts, which the Court summarizes s follows. Crim. dkt. 712. From 2006 to 2009, Mr. Jansen was a member of The Cache, an online bulletin board, and the Cache 2, its successor. Members created accounts using unique usernames and passwords. They shared pictures and videos containing child pornography and links to other web sites containing pictures and videos containing child pornography.

Between July 2006 and March 2009, the user Dishins made over 1400 posts on The Cache and The Cache 2. The sites' administrators deemed Dishins a Master and then a Master VIP—statuses that let him access portions of the bulletin board inaccessible to regular members.

At least once, Dishins posted a link to a web site from which users could download two video files. According to the stipulation:

> The video is approximately 4 ½ minutes long, set to music, and features naked and partially dressed pubescent and prepubescent girls posing in a studio and outside. In one part of the video, a girl approximately 10–13 years-old is naked, posing outside, and bent over with her naked genitals being the focus of the image. In another part of the movie, another girl approximately 9–11 years-old is completely naked, dancing outside, and her genitals are completely visible to the screen.

*Id.* at 6.

Law enforcement identified the internet protocol addresses from which Dishins accessed The Cache and The Cache 2, then followed those addresses to a physical address in Western New York. They obtained a search warrant and seized computers and other media belonging to Mr. Jansen and containing child pornography.

In May 2020—more than ten years after sentencing—Mr. Jansen moved to vacate his plea and sentence under 28 U.S.C. § 2255. Dkt. 1. Six months later, this Court granted Mr. Jansen's

motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Crim. dkt. 1337. The Court reduced Mr. Jansen's prison sentence to time served, but his lifetime term of supervised release remains in effect. Crim. dkts. 1337, 1338. The parties completed briefing on the § 2255 motion in May 2021 but have not addressed the effect of Mr. Jansen's sentence reduction. *See* dkts. 24, 26.

## II. Consequences of § 2255 Relief

The "relief secured by a successful collateral challenge to a guilty plea" is "an opportunity to withdraw the plea and proceed to trial." *Padilla v. Kentucky*, 559 U.S. 356, 372–73 (2010). "Those who collaterally attack their guilty pleas lose the benefit of the bargain obtained as a result of the plea." *Id.* at 573.

At this stage, the benefits of Mr. Jansen's guilty plea are profound. His prison sentence has been reduced to time served, and he faces only supervised release moving forward. If the Court dismisses Mr. Jansen's § 2255 petition, he will face no further penalties for the conduct charged in this criminal action.

On the other hand, if the Court grants Mr. Jansen's motion and vacates his guilty plea, he will face six outstanding child pornography charges. Moreover, there is no statute of limitations for child pornography offenses, *see* 18 U.S.C. § 3299, so he may face additional liability for any conduct that was not originally charged. Perhaps he could achieve dismissal of the charges or win an acquittal. But he could also be convicted and face a sentence that includes prison time.

Before proceeding to the merits, the Court finds it prudent to confirm that Mr. Jansen wishes to move forward with his § 2255 motion and face the risk of additional criminal liability. The Court therefore directs Mr. Jansen to show cause why the action should not be dismissed.

### III. Timeliness

After receiving Mr. Jansen's § 2255 motion, the Court ordered him to show cause why it should not be dismissed as untimely. Dkt. 3. Section 2255 motions are subject to a one-year statute of limitations, running from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). In response, Mr. Jansen acknowledged that he filed his motion outside of the one-year window. However, he argued that the Court should nevertheless hear his motion because he is making a claim of "actual innocence" based on new evidence and because he was seeking relief under the Supreme Court's recent decision in *United States v. Haymond*, 139 S. Ct. 2369 (2019). Rather than dismiss the motion out of hand, the Court directed the United States to respond to Mr. Jansen's contentions. The parties' filings indicate that Mr. Jansen's motion is barred by the statute of limitations.

A defendant seeking relief under § 2255 may overcome a procedural bar—including the statute of limitations—by demonstrating actual innocence. *Lund v. United States*, 913 F.3d 665, 667 (7th Cir. 2019). "'A claim of actual innocence is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'" *Perrone v. United States*, 889 F.3d 898, 903 (7th Cir. 2018) (quoting *Herrera v. Collins*, 506 U.S. 390, 404) (1993) (cleaned up). "[T]he actual innocence exception is one application of the broader 'fundamental miscarriage of justice' exception to procedural default intended to ensure that 'federal constitutional errors do not result in the incarceration of innocent persons.'" *Gladney v. Pollard*, 799 F.3d 889, 895 (7th Cir. 2015) (quoting *McQuiggin v. Perkins,* 569 U.S. 383, 392 (2013)). To pass through the actual innocence gateway, a § 2255 movant "'must show that it is more likely than not that no reasonable juror would have

found [him] guilty beyond a reasonable doubt.'" *Lund*, 913 F.3d at 667 (quoting *Schlup v. Delo*, 513 U.S. 298, 317 (1995)).

Mr. Jansen's actual innocence claim relies in part on evidence he attached to his motion, including several posts he made on The Cache's message boards. *See* dkt. 1-1 at 1–3, 10–11, 27–32. He argues primarily that he was not an administrator or moderator of The Cache or The Cache 2 and that, as a mere "member," he was not part of any agreement necessary to prove a conspiracy.

Yet, at his plea hearing, Mr. Jansen testified under penalty of perjury that he posted a link on The Cache to a four-and-a-half-minute video of young girls dancing and posing naked with their genitals in focus. Crim. dkt. 712 at 5–6 (stipulated factual basis); crim. dkt. 1356 at 39:22–41:12 (plea hearing testimony that stipulated factual basis is truthful). Mr. Jansen contests in his § 2255 motion that the video was "non-sexually explicit nudity." Dkt. 2 at 28. But a jury considering Mr. Jansen's sworn testimony could easily determine that the video depicted children engaged in sexually explicit conduct. *See* 18 U.S.C. § 2256(2)(A)(v) ("'sexually explicit conduct' means actual or simulated . . . lascivious exhibition of the anus, genitals, or pubic area of any person"); *see also United States v. Miller*, 829 F.3d 519, 524–25 (7th Cir. 2016) ("Because lascivious means 'tending to arouse sexual desire,' more than nudity is required to make an image lascivious. . . . Instead, we require that the focus of the image must be on the genitals or the image must be otherwise sexually suggestive. . . . Aside from those principles, the question of whether an image is lascivious is left to the factfinder to resolve, on the facts of each case, applying common sense.") (internal citations and quotations omitted). Given Mr. Jansen's prior testimony, his generic denial is not enough to "'show that it is more likely than not that *no* reasonable juror would have found [him] guilty'" of at least one charge. *Lund*, 913 F.3d at 667 (quoting *Schlup*, 513 U.S. at 317) (emphasis added).

The fact that Mr. Jansen has not demonstrated a likelihood of acquittal on *all* his charges is significant because of the concurrent sentence doctrine: If a defendant has concurrent sentences on multiple counts but one is found invalid, a court need not hear a challenge to the invalid conviction if the sentence for it is equal to or less than a still-valid conviction. *Ryan v. United States*, 688 F.3d 845, 849 (7th Cir. 2012) ("Even on direct appeal, courts are free to pretermit decision about convictions producing concurrent sentences, when the extra convictions do not have cumulative effects."); *see also, Brown v. Warden, FCC Coleman-Low*, 817 F.3d 1278, 1284–85 (11th Cir. 2016) ("[I]f a prisoner is serving multiple sentences, his detention may be legal even if one of his sentences is not."); *Vanover v. Werlich*, No. 17-cv-1189-CJP, 2018 WL 6523086 at *3 (S.D. Ill. Dec. 12, 2018) (denying § 2241 relief under concurrent sentence doctrine). Mr. Jansen's sentence now consists of six concurrent life sentences of supervised release. So long as one conviction remains valid—and the evidence strongly suggests that is the case—there is simply no basis to examine the rest.

Additionally, lifetime supervised release was the recommended term for all six of Mr. Jansen's offenses under the U.S. Sentencing Guidelines. U.S. Sentencing Commission, *Guidelines Manual*, § 5D1.2(b)(2) ("[T]he length of the term of supervised release . . . may be up to life, if the offense is . . . a sex offense. . . . If the instant offense of conviction is a sex offense, however, the statutory maximum term of supervised release is recommended."). Because Mr. Jansen's sentence now only includes a life term of supervised release, and because that is the recommended supervised release term for his offenses, there is simply no argument that Mr. Jansen is facing a "fundamental miscarriage of justice." *Gladney*, 799 F.3d at 895.

Mr. Jansen also argues that he is actually innocent for purposes of his supervised release terms because the Supreme Court "struck down" 18 U.S.C. § 3583(k) as unconstitutional in *United

6

*States v. Haymond*, 139 S. Ct. 2369 (2019). Dkt. 5 at 2. But *Haymond* did not concern the imposition of supervised release under § 3583(k). Rather, it concerned a provision in § 3583(k) that required imposition of an additional prison term for certain defendants who violated their supervised release conditions. *Haymond*, 319 S. Ct. at 2374 ("Under 3583(k), . . . if a judge finds by a preponderance of the evidence that a defendant on supervised release committed one of several enumerated offenses, including the possession of child pornography, the judge *must* impose an additional prison term. . . without regard to the length of the prison term authorized for the defendant's initial crime of conviction.") (emphasis added). It was the prison sentence—not the original supervised release term—that violated the constitution in *Haymond*, and there is no contention Mr. Jansen has been punished under that provision.

In sum, the parties' submissions indicate that Mr. Jansen cannot pass through the actual innocence gateway and revive his untimely claims. Before addressing the merits of Mr. Jansen's § 2255 motion, the Court again directs him to show cause why the action should not be dismissed as untimely.

### IV. Conclusion

Mr. Jansen will have **through April 18, 2022**, to show cause why this action should not be dismissed without prejudice. If he fails to respond in the time provided, the Court will dismiss the action.

**IT IS SO ORDERED.**

Date:     3/18/2022

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

PATRICK JANSEN
109 Price Street
Lockport, NY 14094


Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov